# United States Court of Appeals for the Fifth Circuit

---

No. 24-20061
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2024

Lyle W. Cayce
Clerk

John Allen Goodwin,

*Plaintiff—Appellant*,

*versus*

Devon Collins,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-680

---

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

John Allen Goodwin, Texas prisoner # 2265271, appeals the award of summary judgment to the defendant on his Eighth Amendment claim of failure to protect. Goodwin contends that the district court erred in granting summary judgment because he raised a genuine dispute of material fact as to whether the defendant acted with deliberate indifference to Goodwin's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

safety when he housed Goodwin, a safekeeping inmate, in a cell with a general population inmate.

We review the district court's grant of summary judgment de novo. *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 287 (5th Cir. 2020). To prevail on a motion for summary judgment, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "However, a good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Ratliff*, 948 F.3d at 287 (internal quotation marks and citation omitted).

To state a claim of failure to protect, a prisoner must show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that prison officials were deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994). To support his claim, Goodwin points to his custody designation and his having informed the defendant of his custody designation when the defendant housed Goodwin with a general population inmate, in contravention of prison policy. Without more, Goodwin fails to establish that the risk of harm was substantial. *See Luna v. Davis*, 59 F.4th 713, 715, 717-18 (5th Cir. 2023).

Goodwin presents no other evidence from which Collins could have inferred a substantial risk of serious harm arose from housing Goodwin with the general population inmate. *See Longoria v. Texas*, 473 F.3d 586, 593-94 (5th Cir. 2006); *Luna*, 59 F.4th at 717. Accordingly, he fails to show that he was incarcerated under conditions posing a substantial risk of serious harm or that, if a substantial risk of harm existed, that the defendant was aware of facts from which he could have inferred that the substantial risk of harm existed. *See Longoria*, 473 F.3d at 592.

No. 24-20061

Thus, we AFFIRM the district court's ruling granting summary judgment.